### SAYER *against* FINCK.

An opinion of a plaintiff's attorney, that a cause on the day docket will not be brought on, will not, in future, be a reason for setting aside an inquest, taken in the absence of the defendant's attorney, though accompanied by a strong affidavit of merits, notwithstanding it was allowed in this case.

HOPKINS moved to set aside the inquest taken in this cause at the last sittings, New-York, on an affidavit by two persons, that the debt for which the action was brought had been paid, and on another affidavit by the defendant's attorney, stating that he did not attend when the cause was called on, because, from a conversation with the partner of the plaintiff's attorney, and who he thought was attorney also for the plaintiff, he was led to imagine the trial could not be had on that day, as there were eighteen prior causes on the day docket, and that the plaintiff's attorney himself would not attend.

*Per Curiam*   Let the inquest be set aside on payment of all costs. The court grant this only under the peculiar circumstances of the case. It appears that the defendant's attorney thought he was conversing with a persons who was acting as attorney for the plaintiff. This belief might easily be induced from this circumstance, that the attorney on record and the person spoken with were in partnership. It was, however, but an opinion of the adverse attorney that the cause would not be heard. We shall, in future, expect more explicit reasons for thinking a cause will not be brought on. The affidavit of merits is very strong. Taking this, together with the misapprehension of the defendant's attorney, that the partner of the plaintiff's attorney was absolutely concerned in the suit, are the grounds of our present determination.

Motion granted on costs.